# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEBORAH AL,

        Plaintiff,

v.

VAN RU CREDIT CORPORATION,

        Defendant.

Case No. 17-CV-1738-JPS

**ORDER**

### 1.     INTRODUCTION

Plaintiff filed this class action on December 13, 2017. (Docket #1). She sues Defendant for sending her, and members of the putative class, allegedly misleading debt collection letters. *Id.* Plaintiff brings claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Wisconsin Consumer Act ("WCA"), WIS. STAT. §§ 421, 427 *et seq.* Defendant moved to dismiss Plaintiff's Complaint on March 16, 2018. (Docket #9). That motion is now fully briefed. (Response, Docket #13; Reply, Docket #15). For the reasons stated below, the motion must be denied.

### 2.     STANDARD OF REVIEW

Defendant has moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). That Rule provides for dismissal of complaints which fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). In reviewing Plaintiff's Complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in [her] favor[.]" *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citation omitted). To state a viable claim, a complaint must provide "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak*, 810 F.3d at 480 (quotation omitted).

In addition to the FRCP 12(b)(6) standard of review, the Seventh Circuit has provided additional direction in evaluating the viability of FDCPA claims. Such claims are assessed from the perspective of the "unsophisticated consumer." An unsophisticated consumer "may be uninformed, naïve, [and] trusting, but is not a dimwit, has rudimentary knowledge about the financial world, and is capable of making basic logical deductions and inferences[.]" *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (citations and quotations omitted). Although unsophisticated consumers "may tend to read collection letters literally, [they] do[] not interpret them in a bizarre or idiosyncratic fashion." *Gruber v. Creditors' Protection Serv., Inc.*, 742 F.3d 271, 274 (7th Cir. 2014) (citations and quotations omitted). In the case of letter-based FDCPA violations, the court considers whether the subject letter is "confusing to a significant fraction of the population." *Id.* (quotation omitted).

To prove a claim that language in a collection letter is misleading or deceptive, the Court of Appeals has established three categories of cases:

> The first category includes cases in which the challenged language is "plainly and clearly not misleading." No extrinsic evidence is needed to show that the debt collector ought to prevail in such cases. *Lox*[, 689 F.3d at 822]. The second *Lox* category "includes debt collection language that is not misleading or confusing on its face, but has the potential to be misleading to the unsophisticated consumer." *Id.* In such

cases, "plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Id.*, quoting *Ruth* [*v. Triumph P'ships*, 577 F.3d 790, 800 (7th Cir. 2009)]. The third category is cases in which the challenged language is "plainly deceptive or misleading," such that no extrinsic evidence is required for the plaintiff to prevail. *Id.*

*Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 322–23 (7th Cir. 2016). Defendant seeks dismissal of each of Plaintiff's claims, asserting that they fall into the first category. The Seventh Circuit "ha[s] cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law when ruling on a Rule 12(b)(6) motion because district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects." *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (quotation omitted).

3. **RELEVANT FACTS**

Accepting the truth of Plaintiff's well-pleaded allegations and drawing all reasonable inferences in her favor, the relevant facts are as follows. Plaintiff allegedly owes a debt to "Monroe & Main," through which she had opened a store credit card. (Docket #1 at 2). Defendant sent her a letter attempting to collect that debt on March 10, 2017 (the "Letter"). (Docket #1-1 at 2–3).[1] The Letter states, in pertinent part:

---

[1] Plaintiff has attached a copy of the Letter as an exhibit to her Complaint. The Court can therefore consider it as part of its decision on the motion to dismiss without converting the motion into one for summary judgment. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002).



**Creditor:** Monroe & Main

**Account #** ▮▮▮▮▮36110  **Balance** 462.31

**SETTLEMENT OFFER**

You can settle your account with the above client for less than the full amount you owe.

The balance you owe as of the date of this letter is $462.31. Presently, we are willing to accept $277.39 to settle your account, provided that you act promptly. We are not obligated to renew this offer.

*Id.* at 2. The Letter does not define "promptly" and does not state a firm expiration date for the settlement offer. *Id.*

Plaintiff states her claims against Defendant in four counts. Counts One through Three are FDCPA claims. In Count One, Plaintiff alleges that Defendant's failure to define "promptly" is misleading, as it does not clearly define when the settlement offer expires. (Docket #1 at 11). A consumer might mail in the settlement payment only to be told that the settlement offer had already expired. *Id.* at 11–12. Count Two contends that the Letter falsely implies that its settlement offer is made for a limited time, and thus the consumer must hurry to accept it. *Id.* at 12. Plaintiff says this is false; Defendant could accept a settlement payment at any time. *Id.* In the same vein, Count Three asserts that the threat to revoke the offer is false, in that neither Defendant nor the creditor ever intended to revoke it. *Id.* Count Four is brought pursuant to the WCA. *Id.* Plaintiff alleges that because Defendant is a Wisconsin-licensed collection agency, its FDCPA-violative conduct also gives rise to WCA liability. *Id.* at 12–13.

4. **ANALYSIS**

Plaintiff brings each of her claims pursuant to 15 U.S.C. §§ 1692e and 1692f. Section 1692e prohibits the use of false or misleading representations in the collection of a debt. 15 U.S.C. § 1692e. Section 1692f proscribes the use of unfair or unconscionable means to collect a debt. *Id.* § 1692f. Defendant's arguments for dismissal are exceedingly brief, totaling about nine and a half pages, and do not clearly differentiate between the various counts of the

Complaint. *See* (Docket #10 and #15). The Court will address Defendant's contentions in a collective fashion as best it can.

First, Defendant asserts that the request to "act promptly" does not impose a settlement deadline but is instead mere puffery. In Defendant's view, phrases which urge payment but do not set a payment deadline cannot mislead a consumer. Defendant claims that "the only rational interpretation of the letter is that Plaintiff had a 'reasonable' amount of time to accept the offer contained in the letter." (Docket #10 at 3).

Defendant's contentions lack merit. The cases it cites regarding puffery relate to alleged violations of 15 U.S.C. § 1692g, which prohibits collectors from "overshadowing" a consumer's right to dispute a debt for a statutorily prescribed "validation" period. 15 U.S.C. § 1692g; *Zemeckis v. Global Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012) ("[T]his Court has distinguished between language rushing the debtor to take action—to "act now"—and provisions that set deadlines contrary or contradictory to the thirty-day validation period. . . . We identify the former language as puffery, as rhetoric designed to create a mood rather than to convey concrete information or misinformation. Puffery, without more, does not violate Section 1692g(b).") (citations and quotations omitted). Defendant cites no precedent addressing whether language pressing for speedy payment, but which does not set a firm payment deadline, may be excused from Section 1692e liability as puffery. Further, Defendant's claim that Plaintiff had a "reasonable" time to accept the settlement offer relies on the default time for acceptance as provided by Wisconsin contract law. *See K.G.R. v. Town of East Troy*, 529 N.W.2d 231, 236 n.11 (Wis. 1995) (an unrevoked offer is generally subject to acceptance within a reasonable time). The Court cannot assume that the average consumer, much less an

unsophisticated one, would have any familiarity with the principles of contract law.

Most importantly, Defendant's position ignores the standards applicable to its motion. Plaintiff has pleaded that use of the word "promptly" is misleading and unfair, in violation of Sections 1692e and f. Thus, there is only path by which the "promptly" claim could be dismissed at this stage—if the Court finds that language is *plainly* not misleading to a significant fraction of the population. *Janetos*, 825 F.3d at 322-23; *Gruber*, 742 F.3d at 274. This the Court cannot do. Taking Plaintiff's allegations as true and drawing all reasonable inferences in her favor, it is plausible that an unsophisticated consumer might be misled by the ambiguous nature of the word "promptly." Whether this is borne out by evidence is a matter for another day. *Pantoja v. Portfolio Recovery Assoc., LLC*, 852 F.3d 679, 686–87 (7th Cir. 2017) ("When assessing whether a dunning letter violates the FDCPA, whether an unsophisticated consumer would find certain debt-collection language misleading is often a question of fact. . . . Where the FDCPA requires clarity, . . . ambiguity itself can prove a violation.") (citation omitted).

Defendant's second argument is that the phrase "we are not obligated to renew this offer" states no improper threat. Instead, it truthfully informs Plaintiff that the offer might not be renewed. Defendant cites *Evory v. RJM Acquisitions Funding, L.L.C.*, 505 F.3d 769 (7th Cir. 2007), as support for its inclusion of that phrase in the Letter. *Evory* holds that collectors may use that very language as a safe-harbor against Section 1692e violations with respect to expiring settlement offers. *Id.* at 775–76. Defendant believes that the lack of a specific payment deadline improves the Letter's clarity, as the safe-harbor language lets the consumer know that

the settlement offer is available now, but potentially may not be in the future.

Plaintiff counters that the safe-harbor language does not protect Defendant in this instance. *Evory* addressed settlement offers which had a date certain by which they would expire. *Id.* at 775. The court's concern was

> that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount; for the offers are in the idiom of limited-time or one-time sales offers, clearance sales, going-out-of-business sales, and other temporary discounts. In fact debt collectors, who naturally are averse to instituting actual collection proceedings for the often very modest sums involved in the consumer debt collection business, frequently renew their offers if the consumer fails to accept the initial offer.

*Id.* This is precisely what Plaintiff asserts here. She alleges that Defendant had no intention of withdrawing the settlement offer and hoped to mislead her into believing the opposite. Further, Plaintiff argues that because Defendant's offer has no firm expiration date, the *Evory* language exacerbates, rather than ameliorates, the misleading nature of the Letter. In her view, a consumer would first be confronted with the Letter's ambiguous command to act "promptly." The consumer would then read the *Evory* language, which does not resolve that ambiguity, but instead adds more pressure on the consumer, suggesting that the settlement offer may be withdrawn at any time.

Both parties present viable readings of the Letter. The balance is tipped in Plaintiff's favor in light of the standard of review. How the safe-harbor language would affect an unsophisticated consumer is a fact-specific question not amenable to resolution on a motion to dismiss. *Boucher v. Fin.*

*Sys. of Green Bay, Inc.*, 880 F.3d 362, 366–67 (7th Cir. 2018). Defendant presents no factually analogous precedent on this question, so the Court has no basis upon which to conclude that the safe-harbor language is not misleading as a matter of law.[2]

**5. CONCLUSION**

Defendant's motion to dismiss jumps the gun on dismissal of this action. At the pleadings stage, Plaintiff has stated at least minimally viable claims for relief. If Defendant believes that the facts do not support the claims, it must seek summary judgment, or better still, argue its position to a jury at trial.

Accordingly,

**IT IS ORDERED** that Defendant's motion to dismiss (Docket #9) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[2] Defendant's arguments are directed only at the FDCPA claims, making no mention of the WCA claim. Plaintiff and Defendant agree, however, that the WCA claim is entirely dependent on the viability of the FDCPA claims. (Docket #10 at 4; Docket #13 at 1). Because the FDCPA claims survive the motion to dismiss, the WCA claim does as well. Defendant's motion also fails to allege any infirmities in the class claim, so that claim will remain live.