# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DEBORAH AL,

        Plaintiff,

v.

VAN RU CREDIT CORPORATION,

        Defendant.

Case No. 17-CV-1738-JPS

**ORDER**

      On July 10, 2018, Plaintiff filed an expedited motion to compel certain discovery responses from Defendant. (Docket #33). The majority of Plaintiff's motion explains the timeline of the discovery and meet-and-confer processes to-date in this matter. *Id.* at 1–3. Only one paragraph of the motion sets forth reasons for compelling responses to particular requests, and then only in one-sentence snippets. *Id.* at 3, ¶ 8. For instance, Plaintiff says that certain requests were improperly subject to vagueness and irrelevance objections, without offering any argument as to why those objections are inappropriate. *Id.* Defendant responds that a number of these requests were not discussed in the meet-and-confer process. (Docket #35 at 1). As to the remainder, Defendant cogently explains the propriety of its objections. *Id.* at 1–4.

      The limitations of the expedited motion process doom the bulk of Plaintiff's requests for relief. The Court cannot, and will not, construct arguments on behalf of parties. *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995). Plaintiff's opening brief includes only conclusory assertions that Defendant's discovery responses are inadequate, and the lack of a reply brief means that Defendant's explanations are unrebutted.

While the Court appreciates that Plaintiff initiated the discovery process promptly in this case, (Docket #33 at 1), if she wanted relief, these matters needed to be brought to the Court's attention in a non-expedited format.

Though Plaintiff's motion must largely be denied on this basis, the Court notes that she is correct on at least one issue made apparent in the parties' meet-and-confer communications. Plaintiff's discovery requests are tailored to accounts related to her creditor, Monroe & Main. Through various discovery responses and conferences between counsel, the parties determined that the form letter at issue in this case was sent to about 180 people, only twelve of which had a Monroe & Main account. (Docket #34-6 at 2). Because it is the form letter that matters for purposes of the FDCPA, and not the creditor whose debt is being collected, Plaintiff asked that Defendant treat her requests as applying to all 180 letter recipients. *Id.* Defendant refused, stating that it would require Plaintiff to issue new discovery requests for such information. (Docket #34-7 at 3). The Court agrees with Plaintiff that this position is absurd. *Id.* at 2. The goal of the meet-and-confer process is to facilitate the open and meaningful exchange of relevant discovery materials. Useless insistence on form over function contradicts this aim. Defendant should respond to Plaintiff's discovery requests in accordance with the discussions had, and resolution obtained, through the meet-and-confer process.

Accordingly,

**IT IS ORDERED** that Plaintiff's expedited motion to compel (Docket #33) be and the same is hereby **GRANTED in part** and **DENIED in part** in accordance with the terms of this Order.

Dated at Milwaukee, Wisconsin, this 18th day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge